IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD FORMAN,<br><br>    Plaintiff<br><br>  VS.<br><br>WILLIAM TERRY, *et al.,*<br><br>    Defendants | NO.  5:08-CV-7 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

  Pending before the court is defendants WILLIAM TERRY, JOHN HILL, JAMES HINTON, GEORGE IVEY, LARRY BLACKSHEAR, CLINTON HAGAN AND GAIL SPIKES' motion seeking dismissal. Tab #23. Therein, the defendants contend that plaintiff EDWARD FORMAN failed to exhaust the administrative remedies available to him before filing this federal suit, and where certain claims were properly exhausted, plaintiff failed to state a constitutional claim.  Plaintiff FORMAN was ordered to and filed a response to the motion. Tab #29. Defendants have replied to plaintiff's response. Tab #37.

### LEGAL STANDARDS

#### FAILURE TO STATE A CLAIM

  A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him.  42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

**FACTUAL BACKGROUND**

Plaintiff EDWARD FORMAN, an inmate at Macon State Prison, has filed the above-captioned §1983 action wherein he alleges (1) cruel and unusual punishment and deliberate indifference to his serious medical needs stemming from a lack of adequate ventilation in the segregation unit wherein he was housed; (2) retaliation in that defendant CLINTON HAGAN did not allow plaintiff a meal tray during dinner on September 7, 2007; (3) retaliation in that defendant JOHN HILL failed to process grievances from plaintiff resulting in plaintiff being denied access to the courts; (4) retaliation in that defendant GEORGE IVEY improperly removed a jar of picante sauce from plaintiff's locker and then plaintiff's wedding band turned up missing; and, (5) retaliation in that defendant WARDEN TERRY, had defendants BLACKSHEAR and HINTON improperly remove t-shirts from plaintiff's locker. Plaintiff is seeking injunctive relief and monetary damages.  In response to the complaint, the defendants filed the instant motion seeking dismissal.

## DISCUSSION

### RETALIATION

With regard to plaintiff FORMAN'S four claims involving retaliation, the defendants aver that plaintiff has failed to exhaust his administrative remedies thereon and, as such, these claims should be dismissed. In support of this contention, the defendants have submitted the affidavit of John Hill, the Grievance Coordinator for Macon State Prison. Hill testifies therein that plaintiff has been an inmate at Macon State Prison since March 29, 2007, and that since that time, he has filed ten (10) grievances. A list of the grievances the plaintiff has filed has also been submitted by the defendants. The list includes the grievance numbers, the dates when the grievances were initiated, the subject matter of the grievances, as well as the resolutions of the grievances. According to Hill and the attached records, the plaintiff has not filed *any* grievance, informal or otherwise, with regard to the aforementioned claims of retaliation.

In response to this assertion by the defendants that he has failed to exhaust administrative remedies, plaintiff FORMAN makes the unsupported averment that he did, in fact, file grievances on all of the aforementioned issues. According to plaintiff FORMAN, however, these grievances somehow disappeared. Next, he argues that he should not have to exhaust administrative remedies on the basis that the people who oversee the process are the same people that allegedly violated his rights. Finally, plaintiff FORMAN contends that he is not required to exhaust administrative remedies where administrative action could afford him neither meaningful review nor an appropriate remedy.

Because FORMAN has not presented any evidence beyond his own conclusory allegations that he filed grievances on the aforementioned retaliation claims, and in light of the materials and affidavit submitted by the defendants, the undersigned does not find the plaintiff's assertions that he filed grievances on his claims of retaliation to be credible. With regard to his argument that the exhaustion requirement should be excused on the basis that the defendants are among the same people who oversee the administrative grievance process and that, as such, he could not expect to gain relief or an adequate remedy therefrom, this argument also fails. This conclusion is based upon the Eleventh Circuit's well established holding that "the exhaustion requirement in § 1997e is 'mandatory' and, consequently, prisoners must exhaust all administrative remedies before bringing suit in federal court, **even if exhaustion would be futile**. *Alexander v. Hawk*, 159 F.3d 1321, 1323-24 (11th Cir. 1998); accord *Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000) (per curiam). Accordingly, plaintiff FORMAN's four claims of retaliation should be dismissed.

### CRUEL AND UNUSUAL PUNISHMENT

Plaintiff FORMAN'S remaining claim involves allegations of cruel and unusual punishment and deliberate indifference to his serious medical needs stemming from an alleged lack of adequate ventilation in the segregation unit. More specifically, plaintiff claims that because the ventilation in the segregation unit was so inadequate, he suffered several asthma attacks while there. Moreover, he avers that because the defendants were aware of his asthma, as well as the ventilation problem, and failed to either order that his meal tray flap remain open or that he be moved to the hospital unit of the prison, they are liable for violating his rights under the Eighth Amendment. Plaintiff seeks both injunctive and monetary relief.

In response to the plaintiff's claims regarding his time in segregation, the defendants' response is two-fold:  first, the defendants contend that this claim, at least with regard to the plaintiff's demand for injunctive relief, is moot because he is no longer in segregation. Next, the defendants argue that, in any event, the plaintiff has failed to sufficiently state an Eighth Amendment claim. In support of the argument that the plaintiff has failed to sufficiently state a claim, the defendants note that, with the exception of possibly enduring one or more asthma attacks, plaintiff has not alleged any physical injury. Moreover, the defendants contend that the plaintiff has failed to sufficiently link the conditions of segregation to his asthma attacks. Finally, the defendants refer to a number of grievances wherein the plaintiff complained about the conditions of segregation. These grievance forms indicate that the plaintiff's claims were investigated and that medical personnel determined that his medical condition required no special accommodations. For these reasons, the defendants contend that it is clear that they were not deliberately indifferent towards his needs nor did they subject him to cruel or unusual conditions of confinement violative of his rights under the Eighth Amendment.

The undersigned agrees. In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976).  In addition, to prevail in a §1983 case involving allegations of deliberate indifference, a plaintiff must show more than mere negligence or error in judgment; there must be some purposeful or intentional denial of necessary medical treatment or at least the medical treatment that was given must be so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services, Inc*., 769 F.2d 700, 703-04 (11th Cir. 1985).

With regard to this claim, plaintiff FORMAN is essentially arguing that his medical condition, asthma, required him to be kept in areas with good ventilation. Plaintiff's contention, therefore, is that the defendants' decision to place and/or keep him in a poorly ventilated segregation unit was, in effect, a purposeful or intentional denial of necessary medical treatment and therefore an act of deliberate indifference. Such is simply not the case. As the defendants have pointed out, when the plaintiff complained about the conditions in segregation and their allegedly aggravating effect upon his asthma, the matter was investigated by medical personnel who determined that no accommodation was required.

Based upon the above finding, plaintiff's request that his tray flap remain open or that he be moved from segregation was denied. Under these circumstances, even if the medical conclusion upon which the defendants relied in denying plaintiff's request was negligent or in error, it is not so grossly incompetent as to shock the conscience. In the view of the undersigned, plaintiff FORMAN'S claim with regard to the conditions of segregation is not sufficient to state a claim and must be dismissed.

Accordingly, **IT IS RECOMMENDED** that defendants' MOTION TO DISMISS be **GRANTED** and that the plaintiff's action be **DISMISSED.** Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 5th day of MARCH, 2009.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE