IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD FORMAN,

            Plaintiff

VS.

WILLIAM TERRY, *et al.,*

            Defendants

NO.  5:08-CV-7 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Plaintiff **EDWARD FORMAN** has filed a motion seeking leave to file an amended complaint (Tab #39), a motion asking the Court to grant him a preliminary injunction and/or temporary restraining order (Tab #40), a second extraordinary motion seeking a preliminary injunction or protective order (Tab #47), and a motion seeking to amend his second extraordinary motion for a preliminary injunction or protective order (Tab #48).

With regard to the plaintiff's motion seeking leave to amend his complaint, plaintiff seeks to add Deputy Warden Clinton Perry, Lt. DeMundo, and Sgt. Christopher as party defendants.  The stated basis for adding the aforementioned defendants is their allegedly retaliatory actions upon the plaintiff which occurred *after* he filed the instant action.  Plaintiff filed the instant action on January 11, 2008.  From what the court can discern, the alleged retaliatory actions took place on February 19, 2008, May 2, 2008, May 19, 2008, and June 12, 2008.  Because these alleged retaliatory acts took place after the plaintiff filed the instant action, coupled with the fact that it is unclear whether the plaintiff has exhausted his administrative remedies with respect to these acts, allowing the plaintiff to amend this action would be inappropriate.  Accordingly, plaintiff's motion seeking leave to file an amended complaint is DENIED.

With regard to the plaintiff's motions for a temporary restraining order and or a preliminary injunction, plaintiff FORMAN asks that the Court order prison officials to refrain from "perpetually infringing upon his constitutional rights." In reviewing such requests, the undersigned first notes that injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). In addition, it should be noted that a temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983).

After a careful review of plaintiff's motions for injunctive relief in light of the requirements set forth in *Southern Monorail Co. v. Robbins & Myers*, 666 F.2d 185, 186 (11th Cir. 1982), it is the opinion of the undersigned that plaintiff has not met the prerequisites for the issuance of a temporary restraining order or preliminary injunction. Accordingly, **IT IS RECOMMENDED** that plaintiff's motions be **DENIED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order.

**SO ORDERED AND RECOMMENDED** this 5th day of MARCH, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE